Simon, J.
delivered the opinion of the eourt.
This is an action of partition. Plaintiff, as vendee of two of the heirs and legatees of Robert Young, who left six children, represents himself to he the owner in common with all tbe other heirs of tbe deceased, (four in number,) of one undivided third of a traet of land belonging to and proceeding from tbe succession of bis vendor’s father. He prays that tbe said tract be sold, aud that tbe proceeds thereof be partitioned among tbe eo-preprietors according to their respective rights thereto.
The four defendants were all legally cited; one of them joined the plaintiff in praying for a partition, two of the others joined issue by denying tbe plaintiff’s right of action and pleading other matters in avoidance and the fourth defendant, wife of Newport, having failed to file an answer, a judgment hy default was taken against both husband and wife. The case was regularly tried, and the court of probates having rendered a judgment of par-[348] tition and ordered the sale of the property according to the plaintiff’s petition, defendant, Newport, took the present appeal.
A dismissal of the appeal has been prayed, on the grounds that all the co-proprietors of the property sought to he partitioned are not before this court; that only one of the defendants has appealed, and that this court can *213 not proceed to reverse a judgment of partition, in the absence of some of the parties thereto.
We are of opinion the appeal ought to be dismissed.
It is true this court has decided that the omission of some of the defendants to appeal cannot affect the right of the others to do so. Burke v. Erwin's heirs, 6 La. Rep. 323. We are not ready to controvert this rule, which, on the contrary, appears to us to be a proper and safe one to adopt for the protection of the rights of suitors who, thinking themselves -aggrieved by a judgment, would sometimes he without remedy, if their right to appeal was to depend upon the will and disposition of their co-defendants; but in a ease ©f partition, which from its nature requires the presence of all the interested parties, of all the co-proprietors of the property sought to be divided, La. Code, arts. 1238, 1331, 1234, 1246; Code of Practice, arts. 1024,1025, we sue unable to conceive how we could, in the absence of some of the co-pa/rtagecmts, inquire into, revise or modify a judgment ordering a partition of the common property.
Suppose, in this case, we should he of opinion that the decree of partition appealed from by Newport, ought to he modified so as to order the property tto be divided in Mud and not by a sale; our judgment would present the singular anomaly of directing the division in kind as between the appellant and appellee, whilst with regard to the other co-proprietors, who would bo satisfied with the result of the ease in the court below, the judgment of the lower tribunal, ordering it to be made by a sale, would be acquiesced in, and would acquire the force and effect of res judicata. It seems to us that [349] the proper course to have been pursued in this case by the appellant, should have been, to cite bis co-defendants as appellees before this court, if they refused to join him in the appeaL Having not done so, his appeal must be dismissed.
It is therefore ordered and decreed that the appeal be dismissed at the costs of the appellant.